IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KALVIN DONNELL COWARD ) <br> also known as KELVIN D. COWARD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> HAROLD CLARKE, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 7:20cv00702 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> Chief United States District Judge |

Plaintiff Kalvin Donnell Coward ("Coward"), also known as Kelvin D. Coward, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Coward's Complaint asserts four unrelated claims alleging inadequate medical and dental care and denial of his rights related to a censored, emailed photograph. In this Memorandum Opinion, the court addresses the Motion to Dismiss, or in the Alternative, Motion to Sever (ECF No. 42), filed by Harold Clarke, David Robinson, T. Lawhorne, and S. Knight, who are named as defendants to the photograph claim. After a thorough review of the record, the court will grant the Motion to Dismiss in part and deny it in part. The court will also grant the defendants' Motion to Sever the remaining claims about censorship of the emailed photograph and order them to be filed in a new and separate civil action.

## I.  BACKGROUND

Coward is currently confined at Augusta Correctional Center ("Augusta"), a prison facility operated by the Virginia Department of Corrections ("VDOC"), and his claims arise from alleged events during his incarceration there. Coward's § 1983 Complaint raises four separate claims or groups of claims:

(1) An Eighth Amendment claim of deliberate indifference to his serious medical needs regarding treatment for his Hepatitis C. Coward brings this claim against medical personnel and Defendants Woodson and Dillman.

(2) An Eighth Amendment claim of deliberate indifference to his serious medical needs regarding concerns about high blood pressure and diabetes testing. Coward brings this claim against medical personnel and Defendants White and Manis.

(3) Eighth Amendment claims of deliberate indifference to his serious medical needs for a particular type of toothpaste and treatment for periodontal disease and another tooth-related issue. Coward brings this claim against dental personnel and Defendants White and Manis.

(4) A due process claim regarding an alleged lack of adequate notice after Coward did not receive a photograph someone sent to him via the JPay secured messaging system. Coward brings this claim against Defendants Clarke, Robinson, Lawhorne, Knight, and Manis.

As stated, before the court in this instance is the Motion to Dismiss, ECF No. 42, by Clarke, Robinson, Lawhorne, and Knight, concerning the allegations in Claim (4).[1] Coward has responded to this motion, ECF No. 49, making it ripe for disposition.

---

[1] The court notes that Defendants Woodson, Dillman, White, and Manis (three of whom were substituted for Doe defendants) have filed an answer to Coward's Complaint, ECF No. 44. They are not parties to the present motion, although they are represented by the same counsel as the movant defendants. The medical and dental defendants named to Claims (1), (2), and (3), are represented by different counsel. The court will separately address their pending dispositive motions.

In Claim (4), Coward alleges the following sequence of events. *See* Compl. 12-14, ECF No. 1. On January 24, 2020, a third party sent Coward an email with four photographs attached to it. When Coward received the email, however, it had only three attached photographs. Nine days later, Coward talked to the sender and discovered that one of the four photographs had been returned to the sender without notice to Coward.

VDOC Operating Procedure ("OP") 803.1 provides that within two working days, secured messages or emails should be reviewed and processed to the inmate. *Id.* at 12. Under OP 803.1, messages or attachments that do not comply with content restrictions must be returned to the sender, and the intended inmate recipient should be notified on his media device of the return and the reason for the return. *Id.*

Once Coward learned about the returned photograph, he filed an Informal Complaint addressed to the mailroom staff. He complained that staff had failed to comply with OP 803.1 by returning his photograph without notifying him or providing him the reason for the return. He asked for the withheld photo to be posted and for responsible staff be held accountable. Knight, a postal assistant, responded that Coward's photos had been "processed according to Policy 803.1" Compl. Ex. 37, ECF No. 1-1. Coward repeated his complaints and demands in a Regular Grievance. Lawhorne signed the Level I response to Coward's grievance. Compl. Ex. 39. Lawhorne indicated that according to officials' investigation of the incident, Coward's photos had been

> processed in accordance with [OP] 803.1. The photo in question is semi-nude. [OP] 803.1 states all pictures and photographs sent to offenders through secure messaging will be treated as personal and must comply with the requirements governing content established in this [OP] for personal pictures and photographs to include prohibition of nude or semi-nude personal photographs or pictures of any person. It is not the mailroom[']s responsibility to notify you

>of any denied photo(s) in accordance with the OP[. T]his is JPay's responsibility. **Semi-nude shall include but is not limited to persons in diapers, underwear, lingerie, or swimwear.** Your request to have the photos posted to your Email is denied as they are in violation of the [OP].

*Id.* Lawhorne deemed the grievance to be unfounded.

Coward appealed the Level I response. He complained that the violations of the OP would go unaddressed. He asserted that the policy's definition of semi-nude was a distortion of the word, when compared to the VDOC definition of nudity in another VDOC policy as: "showing of the male or female genitals, pubic area, female bre[a]st with less than a fully opaque covering of the areola, or male or female buttocks with less than a full opaque covering of the anus." *Id.* at 39-40. Coward also asserts that personal photos should be treated no differently than commercial photos received by mail. In a Level II response, Regional Administrator Manis upheld the Level I ruling, finding no violation of policy.

In Claim (4) of Coward's Complaint, he sues Knight and Lawhorne for depriving him of his property without due process and "usurpation [sic] of [his] right to petition the government for redress of grievances." Compl. 14, ECF No. 1. Coward also sues Clarke and Robinson as "framers" of OP 803.1, asserting that this policy should be "revised to reflect fairness in regards to OP 803.2" *Id.* Finally, Coward sues Manis as regional administrator for failing to correct the problems during the grievance appeal process. As relief on Claim (4), Coward asks the court to order the defendants "to stop the unfair practices" and "to revise OP 803.1 to reflect fairness in regards to OP 803.2." *Id.* at 15. He also demands monetary damages.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).[2] The court's inquiry must focus only on "whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* In considering a Rule 12(b)(6) motion, a court must generally accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  DISCUSSION

### A.  Prison Policy Violations and Grievances

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A prison official does not violate an inmate's constitutional rights merely by failing to comply with some provision of a state prison policy. *Hopkins v.*

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion unless otherwise noted.

*Clarke*, No. 7:16CV00210, 2016 WL 6092719, at *3 (W.D. Va. Oct. 19, 2016) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim. *Weller v. Dep't of Social Services*, 901 F.2d 387, 392 (4th Cir. 1990) (citation omitted). Similarly, a state's failure to abide by its own procedural regulations is not a federal due process issue, *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990), and is not actionable under § 1983."). Accusations of improper denials of access to grievances or appeals, or of improper grievance responses, also do not give rise to any constitutional claim actionable under § 1983. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process."); *Guinn v. Crumpler*, No. 7:18-CV-00274, 2020 WL 1666301, at *6 (W.D. Va. Apr. 3, 2020) (citing cases finding no right to grievance procedure access and denying liability for unsatisfactory grievance responses). Thus, to the extent that Coward sues any of these defendants for improper responses to grievances (including Coward's allegations that they denied him the right to petition the government for redress of grievances) or as to any other alleged violations of VDOC policies alone, the court must grant the Motion to Dismiss.

### B. Due Process regarding the Censored Photograph

To state a procedural due process violation, "a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "The interests of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment

even though qualified of necessity by the circumstance of imprisonment.'" *Pell v. Procunier*, 417 U.S. 817, 824 (1974) (quoting *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989)). In *Martinez*, the Supreme Court upheld a procedure requiring that a decision to "withhold delivery of a particular letter must be accompanied by minimal procedural safeguards"—the inmate must be notified that his mail has been rejected, he must be given "a reasonable opportunity to protest that decision," and any appeal of the decision must be referred to someone other than the person who initially rejected the mail. *Martinez*, 416 U.S. at 417, 418-19; *see also Tory v. Davis*, No. 7:18CV00393, 2020 WL 2840163, at *4 (W.D. Va. June 1, 2020) (applying *Martinez* procedural protections to due process claims regarding rejected semi-nude photographs attached to inmate email).

Coward has alleged that neither prison officials nor JPay notified him that the fourth photograph attached to his incoming email had been rejected and returned to sender. He learned later by chance that the photo had been rejected. Only after Coward filed a Regular Grievance did he learn that the photo had been returned as noncompliant with OP 803.1 because it depicted a semi-nude person. It is true that Coward got notice from the sender of the rejected photograph, and officials later provided him with the reason for its rejection and allowed him to appeal. The court concludes, nevertheless, that Coward has alleged the elements of a due process claim—that he was deprived of the photo without notice from VDOC staff. *Martinez*, 416 U.S. at 418. Finding that further factual development of the due process issues is warranted, the court will deny the defendants' Motion to Dismiss as to Coward's due process claim.

### C. A First Amendment Policy Challenge

Coward does not expressly assert a First Amendment challenge to the VDOC policy barring incoming emails with attached photographs of semi-nude persons. Liberally construed, however, the court concludes that his Complaint raises such a challenge.

"[A] prison regulation that abridges inmates' constitutional rights is 'valid if it is reasonably related to legitimate penological interests.'" *Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)). Whether a regulation is reasonably related depends on:

> (1) [W]hether there is a "valid, rational connection" between the prison regulation or action and the interest asserted by the government, or whether this interest is "so remote as to render the policy arbitrary or irrational"; (2) whether "alternative means of exercising the right ... remain open to prison inmates," an inquiry that asks broadly whether inmates were deprived of all forms of [the] [right] or whether they were able to participate ... other[wise] ...; (3) what impact the desired accommodation would have on security staff, inmates, and the allocation of prison resources; and (4) whether there exist any "obvious, easy alternatives" to the challenged regulation or action, which may suggest that it is "not reasonable, but is [instead] an exaggerated response to prison concerns."

*Id.* at 200 (quoting *Turner*, 482 U.S. at 89-92, 107 S. Ct. 2254); *see Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (discussing burdens).

Coward contends that OP 803.1(VIII)(A)(3) provides that pictures and photographs sent to inmates attached to secure messages (emails) must meet the VDOC requirements for personal photographs. As such, inmates cannot receive as email attachments pictures or photographs showing nude or semi-nude person. As stated, semi-nude includes, but is not limited to, persons in diapers, underwear, lingerie, or swimwear.

- 8 -

Under OP 803.2, regarding incoming publications, inmates are permitted to receive semi-nude images sent by a commercial vendor through regular mail. Coward argues that the prohibition of semi-nude photos received by email is "majorly flawed" and unfair when compared to the VDOC's different nudity ban for pictures received under the incoming publications. According to Coward, OP 803.2 bars only pictures where genitals, female areola, and the anus are not fully covered. Coward points out that personal photographs on an inmate's media device cannot be stolen or "compromised" as easily as photographs received through regular mail. While Coward's submissions do not provide a fully articulated argument under the *Turner* standard, court concludes that his allegations sufficiently assert a claim that OP 803.1 and its ban of semi-nude pictures received by email is not rationally related to legitimate penological interests when compared to its regular mail counterpart in OP 803.2 The defendants have not moved to dismiss a First Amendment claim in this case, and the court does not find it appropriate to dismiss this claim without further development.

### IV.  MISJOINDER AND SEVERANCE

Coward's Complaint runs afoul of joinder restrictions set forth in the Federal Rules of Civil Procedure and the filing fee requirements of the Prison Litigation Reform Act, ("PLRA"). On these grounds, the defendants have moved to sever Claim (4) of the Complaint into a separate civil action for which Coward would be required to pay a separate filing fee. After review of the record, the court will grant the defendants' Motion to Sever.

Coward's present Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one]

opposing party." On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants. *See* FED. R. CIV. P. 20.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, No. 06–3298–SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to *pro se* prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Id.* at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Coward to pay one filing fee for this lawsuit, which joins multiple, disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). PLRA restrictions on prisoner-filed civil actions include, among other things, requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 28 U.S.C. § 1915A. Requiring compliance with the joinder rules "prevents prisoners

from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow Coward to package two or more lawsuits into one complaint, as he has done here, undercuts the PLRA's three-strikes provision and its filing fee requirement.[3]

The Federal Rules authorize the court to sever claims in response to a motion or on its own initiative at any stage of the litigation. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On a party's motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Under this Rule, "the court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties).

As stated, Coward's Complaint improperly joins together multiple claims and multiple defendants. It is, in fact, two or more separate lawsuits bundled into one omnibus Complaint, concerning medical care, dental care, and incoming email practices and policies. The medical and dental claims in the case are now ripe for disposition on pending motions that the court will separately address.

Coward's claims about his censored email photograph and the fairness of the email policy, however, are clearly improperly joined with the medical and dental claims. Moreover,

---

[3] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

these claims warrant further development, as explained herein. Based on the foregoing, the court will sever Claim (4), alleging Coward's due process claim regarding his censored email photograph and his First Amendment challenge to the email policy itself. These claims will be filed as a separate civil action that will go forward only if Coward first prepays or consents to pay the filing fee for that action.

## V. CONCLUSION

For the stated reasons, the court will grant the defendants' Motion to Dismiss in part and deny it in part. As to Coward's claims regarding violations of prison policy and grievance responses, the court will grant the defendants' motion.[4] As to Coward's due process claim, the motion will be denied. The court will also grant the Motion to Sever as to the remaining allegations in Claim (4), asserting a due process claim and a First Amendment claim. These claims will be opened as a new and separate lawsuit against defendants Clarke, Robinson, Lawhorne, Knight, and Manis.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties

**ENTERED** this 30th day of March, 2022.

Michael F. Urbanski
Chief U.S. District Judge
2022.03.30 10:48:13
-04'00'

_____
Michael F. Urbanski
Chief United States District Judge

---

[4] The court notes that the movant defendants are not named in any of Coward's other three claims in this case.