# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**KALVIN DONNELL COWARD,**
    **Plaintiff,**                                         Civil Action No. 7:20CV00702

v.                                                                  **ORDER**

**HAROLD CLARKE, *ET AL.*,**               By:    Joel C. Hoppe
    **Defendants.**                                    United States Magistrate Judge

      Defendants Dillman, Woodson, White, and Manis, by counsel, have moved the court to stay this case pending resolution of Plaintiff Kalvin Donnell Coward's present interlocutory appeal currently pending before the Fourth Circuit Court of Appeals, and pending the outcome of the appeal in a similar case, *Pfaller v. Amonette*, No. 21-1555, 21-1612 (4th Cir.).[1]

      In this case, Coward has alleged that defendant prison officials were deliberately indifferent to several medical needs, including his Hepatitis C diagnosis. Other defendants who were Coward's medical providers filed motions for summary judgment that the court has granted. Coward then filed an interlocutory appeal of that summary judgment ruling. Coward's deadline to file an informal opening brief in the court of appeals was recently extended until August 31, 2022.

      Meanwhile, the case on which defendants' motion to stay relies, *Pfaller v. Amonette*, has been fully briefed and placed on the court of appeals' oral argument docket for September 16, 2022. The *Pfaller* case involves issues surrounding a VDOC inmate's Hepatitis C treatment and whether the non-medical defendants in that case are entitled to the defense of qualified immunity. Defendants in this case have likewise asserted the defense of qualified immunity. Moreover, the defendants' arguments in support of any motion for summary judgment will likely rely heavily on the testimony and medical judgment of the medical defendants who provided care to Coward for his Hepatitis C and other medical needs. The outcome of Coward's interlocutory appeal in this case, as well as the outcome of the *Pfaller* case, will likely impact defendants' arguments in support of any motion for summary judgment. Accordingly, until the court of appeals has issued a ruling on Coward's appeal in this case and the appeal in the *Pfaller* case, defendants respectfully ask the

---

[1] This court has stayed a similar case, *Riggleman v. Clarke, et al.*, No. 5:17cv63, pending a decision on the *Pfaller* appeal.

court to exercise its inherent authority to stay this case. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In this case, given the pending appeal in *Pfaller* regarding the applicability of qualified immunity for defendants who are not medical providers, the court finds it appropriate to stay the action until the completion of the appeal in the *Pfaller* case and the completion of Coward's own interlocutory appeal.

For good cause shown, it is **ORDERED** that all action in this case is hereby STAYED, pending completion of the pending appeal in a case involving similar facts, *Pfaller v. Amonette*, No. 21-1555, 21-1612 (4th Cir.), and pending completion of plaintiff's own pending interlocutory appeal. The defendants are further DIRECTED to notify the court within five days after the completion of the later of these pending appeals.

The clerk will mail a copy of this order to plaintiff and to counsel of record for the defendants.

**ENTER**: This 2nd day of August 2, 2022.

/s/ Joel C. Hoppe
United States Magistrate Judge