**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **KALVIN DONNELL COWARD,** | ) | **CASE NO. 7:20cv00702** |
| **also known as KELVIN D. COWARD,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE,** *et al.,* | ) | By:  Hon. Michael F. Urbanski |
| **Defendants.** | ) | Chief United States District Judge |
| | ) | |

The plaintiff, Kalvin Donnell Coward, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials had violated his constitutional rights in multiple incidents. The case is presently before the court on a motion for summary judgment by the remaining defendants, who allegedly acted with deliberate indifference toward Coward's medical needs. The court notified Coward of the defendants' motion on March 14, 2023, granting him twenty-one days to respond. The court's notice warned Coward that failure to respond to the defendants' arguments and evidence within the allotted time would be interpreted as a loss of interest in prosecuting the case and might result in dismissal of the case without prejudice. That deadline has passed, and Coward has had no further communication with the court concerning this case.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012), *report and recommendation adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been

considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). When considering dismissal for failure to prosecute, the court must evaluate "four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

The deadline for Coward to respond to the defendants' motion has now passed. Coward has not filed any responsive pleading addressing the defendants' arguments in their motion, nor has he filed any motion for an extension of time to do so. The court concludes that while Coward may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, the court finds that dismissal without prejudice is the appropriate sanction.

The clerk is directed to forward a copy of this memorandum opinion and the accompanying final order to the parties

**ENTERED** this 22nd day of June, 2023.

Digitally signed by
Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.06.22
15:46:53 -04'00'

Michael F. Urbanski
Chief United States District Judge

- 2 -